PAUL A. BILZERIAN, *Pro* Se
P.O. Box 2086
Basseterre, St. Kitts
The Residences
Frigate Bay, St. Kitts
Tel: (869) 466-8000
Email: pabilzeria@aol.com

FILED
CLERK, U.S. DISTRICT COURT
11/11/25
CENTRAL DISTRICT OF CALIFORNIA
BY: MRV  DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> PAUL A. BILZERIAN, SCOTT ROHLEDER and IGNITE INTERNATIONAL BRANDS, LTD. <br> Defendants. | Case No. 2:24-cr-00569-MEMF <br> Hon. Maame Ewusi-Mensah Frimpong <br> **PAUL A. BILZERIAN'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS** <br> Trial date: January 12, 2026 |

Defendant Paul A. Bilzerian, *pro se*, respectfully moves this Court to dismiss the indictment against him in this case based on the denial of his constitutional and statutory rights to a speedy trial. *See* 18 U.S.C. §3161, *et Seq.*

**I.      LEGAL STANDARDS AND ARGUMENT**

The Sixth Amendment guarantees that criminal defendants shall enjoy "the right to a speedy trial." U.S. Const. amend. VI., *Doggett v. United States*, 505 U.S. 647, 651 (1992). To determine whether a defendant's Sixth Amendment speedy trial right has been violated, courts balance the following four factors: "[l]ength of delay,

the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo,* 407 U.S. 514, 530 (1972).

None of these four factors is either necessary or sufficient, individually, to support a finding that a defendant's speedy trial right has been violated. *United States v. Mendoza,* 530 F.3d 758, 762 (9th Cir. 2008) (*citing Barker*, 407 U.S. at 533). Rather the factors are related and "must be considered together with such other circumstances as may be relevant." *Id.* Further, the balancing of these factors, and other relevant circumstances, "must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." *Mendoza,* 530 F.3d at 762.

### A.   Length of Delay

For speedy trial claims, the length of the "delay is measured from 'the time of the indictment to the time of trial.'" *United States v. Gregory,* 322 F.3d 1157, 1162 (9th Cir. 2003) (quoting *United States v. Sears, Roebuck & Co.,* 877 F.2d 734, 739 (9th Cir. 1989)). Courts have also measured delay from the date of the indictment to the time of arrest or initial appearance. *See, e.g., United States v. Espinoza-Ruelas*, 753 F. Supp. 3d 830, 838 (N.D. Cal. 2024) (measuring delay between indictment and arrest; Indictment dismissed); *United States v. Gonzalez-Martinez,* 634 F. Supp. 3d 853, 863 (E.D. Cal. 2022) (same; Indictment dismissed); *United States v. Flores-Vasquez,* 2025 WL 2597030, at *2 (N.D. Cal. Sept. 8, 2025) (same; Indictment dismissed).

If the length of delay is long enough to be considered presumptively prejudicial, an inquiry into the other three factors is triggered. *Barker,* 407 U.S. at 530. Generally, a delay of more than one year is presumptively prejudicial. *See Gregory,* 322 F.3d at 1161–62. Indeed, even a six-month delay is sufficient to trigger inquiry into the three other *Barker* factors. *See United States v. Simmons*, 536 F.2d 827 (9th Cir.), *cert denied*, 429 U.S. 854 (1976).

In this case, the indictment was filed on September 24, 2024, the first superseding indictment was filed September 30, 2025, and the trial is scheduled to commence January 12, 2026. The government has never served me with the indictment nor sought to obtain my appearance, nor has it been willing to cooperate with my own efforts to appear for trial despite having procured an indictment against me well over a year ago. The government has long been on notice that it is vitally important to immediately upon indictment seek the appearance of a defendant living overseas or risk violating his constitutional and statutory Speedy Trial rights, resulting in a dismissal of the indictment.[1] The Court should find that this delay creates a presumption of prejudice and triggers an inquiry into the other three factors.

### B. Reason for the Delay

The government has "some obligation" to pursue a defendant and bring him to trial. *United States v. Sandoval*, 990 F.2d 481, 485 (9th Cir. 1993); *United States v. Mendoza*, 530 F.3d 758, 763 (9th Cir. 2008) ("The government has the primary, though not exclusive, responsibility to ensure that the defendant is brought to trial."). The government must pursue a defendant with reasonable diligence and if it fails to do so prejudice is presumed. *Doggett*, 505 U.S. at 656-57. While the government is not required to "make heroic efforts" to locate a defendant who is purposefully avoiding apprehension, *Sandoval*, 990 F.2d 481, 485 (9th Cir. 1993), the government is considered negligent when the defendant is not attempting to avoid detection, and

---

[1] DOJ Criminal Resource Manual §602 (archived): "Some courts have held that the Speedy Trial Clause of the Sixth Amendment or the Speedy Trial Act require the government to make a diligent good-faith effort to bring the defendant to trial promptly; in the context of extradition, this means that the government is obligated to seek the extradition of a fugitive as soon as his or her location becomes known unless the effort would be useless. *E.g. United States v. Blanco*, 861 F.2d 773 (2d Cir. 1988), *cert. denied*, 489 U.S. 1019 (1989); *United States v. Pomeroy*, 822 F.2d 718 (8th Cir. 1987); *United States v. Walton*, 814 F.2d 376 (7th Cir. 1987). Consequently, the prosecutor should contact the Office of International Affairs as soon as the whereabouts of a fugitive or the target of an investigation is known. *See also* JM 9-15.225. [cited in JM 9-15.200]"

the government makes no serious effort with reasonable diligence to find him. *Mendoza*, 530 F.3d at 762–63. Such negligence "falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." *Doggett*, 505 U.S. at 657.

Here, I have been openly residing and working in the same location in St. Kitts since 2011. Notably, in October 2024, over one year ago, government counsel was able to easily and promptly effectuate service on me in St. Kitts of the complaint in the related Securities and Exchange Commission ("SEC") action out of the Southern District of New York. *SEC v. Ignite International Brands, Ltd. et al,* 24-cv-7331 (S.D.N.Y Sept. 27, 2024). The filings of the SDNY SEC action and the Indictment in this case were coordinated, and occurred one day apart, such that there is no explanation for the government's failure to serve me in this case. In addition, the electronic case management docket sheet in the SEC matter indicates my *pro se* status and includes my email address, mailing address and phone number. I am advised that recently, when counsel for the other defendants in this case asked AUSA Pang what, if anything, the government was doing to have me present at trial, Mr. Pang responded that the government was "looking for" me. However, the government has known exactly where I am and how to reach me at all times relevant to this case. In fact, AUSA Jason Pang has communicated with me directly by email in the SEC case and has moved to formally intervene in the SEC case in the SDNY. There clearly is close and regular coordination. There is no rational reason for the government to have easily served me in the civil SEC case over a year ago, while taking no action to honor my constitutional and statutory speedy trial rights in this criminal case. The government has failed to exercise reasonable diligence and use the information available to it to serve me with the indictment or facilitate my entry to the United States. The government could have, but did not, coordinate with SEC

counsel to effectuate service of the indictment. In the end I filed my Notice of Appearance in this case on October 29, 2025.

The Ninth Circuit in *Mendoza*, noted that "[e]ven though Mendoza left the country prior to his indictment, the government still had an obligation to attempt to find him and bring him to trial. After *Doggett*, the government was required to make some effort to notify Mendoza of the indictment, or otherwise continue to actively attempt to bring him to trial, or else risk that Mendoza would remain abroad while the constitutional speedy-trial clock ticked. However, the government made no serious effort to do so." 530 F.3d at 763. There, "the agent in charge of Mendoza's investigation made no effort to contact Mendoza to inform him that he had been indicted" and the same is true here. *Id*. At no time has any agent or prosecutor made any effort to inform me that I had been indicted, despite knowing at all times where I was and that the indictment was pending, with the case against my co-defendants moving forward. As in *Mendoza*, the Court must find that any delay is attributable to the government's negligence.

Consideration of the decision in *United States v. Salzmann*, 548 F.2d 395 (2d Cir. 1976) is instructive. The Court in *Salzmann* affirmed the lower court's dismissal of the indictment based on a failure by the government to take appropriate action in the criminal case brought against the defendant following the return of the indictment. In *Salzmann*, the defendant had moved overseas and then received a notice that he had been drafted and had to appear for a pre-induction physical. He did not appear. Eventually, Mr. Salzmann was indicted for his failure to comply with his draft notice. A court date was set and he did not appear because he was living overseas. He also apparently lacked the assets to pay for the trip to the States. 548 F.2d at 398. At no time following his indictment did the government make any effort to facilitate Mr. Salzmann's appearance.

Ultimately, the trial court dismissed the indictment based on his right to a speedy trial and in doing so, noted the tremendous hardship in a variety of ways a significant delay at this stage of the proceedings can have on a defendant (e.g., draining resources, causing anxiety, memories fade, and more) and on his ability to get a fair trial following such a delay. 548 F.2d at 39-400.

The trial court's decision to dismiss the indictment, affirmed on appeal, turned on the government's lack of due diligence to procure the appearance of a defendant it chose to indict, knowing he was overseas. The delay between the indictment and any effort even to bring him before the court was inexcusable and led directly to the conclusion that the only appropriate remedy, consistent with the defendant's right to a speedy trial was the dismissal of the indictment, without any need for further inquiry related to the government's exercise of due diligence. 548 F.2d at 402-403.

Judge Feinberg's concurring opinion in *Salzmann* is especially applicable to my situation. Judge Feinberg emphasizes that no matter the overseas defendant's means, the government's duty to exercise due diligence to procure the defendant's presence before the court is paramount and the failure to exercise that due diligence, as in the instant case, must lead to the dismissal of the indictment against the defendant, regardless of whether the defendant had the means to travel to the U.S. or not. 548 F.2d at 403-404. The decision must be applied here for even more compelling reasons, for I made every effort possible to appear before this Court voluntarily, despite never being served with the indictment and the complete lack of any effort by the government to help me appear before the Court or to in any way honor my constitutional and statutory rights to a speedy and fair trial. I submitted an application for a visa to travel to the United States on January 19, 2025, and asked the government to assist me in having my visa application granted but the government declined.

C.  **Assertion of Speedy Trial Right**

The third factor requires that a defendant assert his right to a speedy trial. *Barker*, 407 U.S. at 531. I have asserted my speedy trial rights in my previously filed Notice of Appearance, Dkt. No. 141. There can be no dispute that I have met this requirement. I have not caused any of the delays in this case and have not agreed to any continuances. Moreover, as the government knows, I applied for a visa on January 19, 2025, expressly for the purpose of being able to come before this Court to defend myself in this case, despite the complete lack of government efforts. Counsel for Ignite contacted AUSA Jason Pang in March 2025 to seek his assistance in obtaining the approval of my visa application and reasonable bail conditions (including release on my own recognizance) but he declined.

D.  **Actual Prejudice**

The final *Barker* factor asks whether the defendant suffered actual prejudice because of the delay. *Barker*, 407 U.S. at 532. As noted above, courts have long recognized the inherent prejudice that inures from having an indictment hanging over a defendant's head, causing great anxiety and more and causing witness memories to fade. That all certainly applies here; however, and of great importance here, "no showing of prejudice is required when the delay is great and attributable to the government." *United States v. Shell*, 974 F.2d 1035, 1036 (9th Cir. 1992) (citing *Doggett*, 505 U.S. 647) ("[I]f the government is negligent in pursuing the defendant, prejudice [under the fourth *Barker* factor] is presumed." *Mendoza*, 530 F.3d at 763.

## CONCLUSION

The indictment against me should be dismissed with prejudice for the violation of my constitutional and statutory rights to a speedy and fair trial. The government has made no effort in the lengthy time period since an indictment was returned against me to either serve me with a copy of the indictment or to seek my

presence before this Court. On the other hand, I have made every effort to be able to appear including filing an application on my own to voluntarily appear without even having been served with the indictment or having any proceeding scheduled, and asking the government to assist in the granting of my visa application which would have permitted me to travel to the United States without any cost or effort by the government. The government has done nothing to assist me in my efforts to appear to stand trial and has completely ignored and defaulted on its own firmly established obligation to affirmatively ensure my appearance and ability to participate in all aspects of the case against me in a timely manner consistent with my constitutional and statutory rights to a speedy trial.  Based on the relevant legal analysis and the application of the relevant factors discussed above, the indictment against me should be dismissed.

      The government's intentional failure to act on its own and its refusal to assist me in my efforts to appear, clearly failed to honor my right to a speedy and fair trial. At all relevant times since long before and after the indictment was returned, the government has known where I am, served me with process in the related civil case pending in New York, yet made no effort whatsoever to serve me with a copy of the indictment or to assist me in my efforts to appear before the Court to be able to defend myself against these meritless charges.  Meanwhile, the case has proceeded against my co-defendants and is now scheduled for trial in just two months.  I am advised that there is approximately 9 TB of data in discovery that has been provided to my co-defendants.  Motion deadline dates and the trial itself are fast approaching and, in the almost 14 months since the government chose to indict me, it has made no effort to allow me to defend myself, let alone prepare for or appear at trial.

      If the right to a speedy trial is to mean anything, having the government completely ignore its obligations to my detriment and for so long, requires the

1 | dismissal of the indictment and I ask this Court to enter an order so providing.

3 | DATED: November 11, 2025

*[signature: Paul A. Bilzerian]*

Paul A. Bilzerian

9
PAUL BILZERIAN'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Paul A. Bilzerian's Motion to Dismiss on Speedy Trial Grounds was filed with the Clerk of the United States District Court for the Central District of California on this 11th day of November 2025, to be served on all parties electronically by the CM/ECF system.

*Paul A. Bilzerian*
_____
Paul A. Bilzerian