# Exhibit 10

| | |
|---|---|
| **From:** | Paul Bilzerian <pabilzeria@aol.com> |
| **Sent:** | Friday, March 20, 2026 1:01 PM |
| **To:** | Lachman, David (USACAC) |
| **Cc:** | Pang, Jason (USACAC) |
| **Subject:** | Re: [EXTERNAL] Re: United States v. Bilzerian, 2:24-CR-00569-MEMF |

Dear Mr. Lachman,

Thank you for your email below.  As Mr. Pang knows, I was willing to travel to the United States for an arraignment, and made every effort to do so, from the time of the indictment in September 2024 until November 11, 2025, when I filed my Motion to Dismiss for violation of my right to a speedy trial. From today to the date of the scheduled trial is 214 days, three times longer than the 70 days required under the Speedy Trial Act. The period from the date of the indictment to October 19, 2026, amounts to over 750 days, or more than ten times the 70 days required.

Given these background facts, your statement that now, 18 months after the indictment was filed and 7 months after I filed my motion to dismiss the indictment, the government would be willing to facilitate my entry into the United States without the need for me to obtain a visa leads to the following questions to which I would be grateful if you would provide answers.

1. Given my inability to travel to the United States without a visa, what documents can you provide me to ensure me that I would be allowed entry into the United States upon my arrival?  And would it make any difference where I entered the United States?

 2. Given that my arraignment must take place in the Central District of California, how does a flight to New York facilitate that?

3. Upon my arrival in New York, please explain in detail the process I would have to go through in order to be arraigned, including the timetable (e.g., if I arrive on April 14, 2026, who will meet me and where will I stay that night; what will transpire the following day(s) and where will I be permitted to stay until I arrive in Los Angeles for my arraignment? What transportation will be used to get me to Los Angeles and who would pay for it and what would it cost? My wife plans to accompany me so will she be allowed to stay with me throughout the journey to Los Angeles?).

4. After I am arraigned in Los Angeles, will the government agree that I be released on my own recognizance?  If not, please explain why not.

5. After I am arraigned in Los Angeles, will I be allowed to return home to St. Kitts until my trial, given it would be nearly 200 days until trial?

6. If I am not allowed to return home until my trial, where will I be allowed to stay (e.g., with family or friends anywhere in the United States)?  What travel restrictions, if any, will the government recommend to the court?

I look forward to receiving your answers to these questions.  Thank you.

Respectfully,

1

Paul Bilzerian

On Wednesday, March 18, 2026 at 05:50:43 PM GMT-4, Lachman, David (USACAC) <david.lachman@usdoj.gov> wrote:

Mr. Bilzerian,

If you are willing to travel to the United States to be arraigned in the criminal case, the government will facilitate your entry into the country without the need for obtaining a U.S. visa. Please book a direct flight from Robert L. Bradshaw International Airport (SKB) in St. Kitts to John F. Kennedy International Airport (JFK) on April 14, 21, or 28, 2026, and then provide us with your travel confirmation. Prior to your departure, we will arrange for you to obtain the requisite travel documents from the U.S. Embassy in Bridgetown.

If instead you are not willing to travel voluntarily to the United States, or your willingness is conditioned on a decision on any pre-trial motions, please let us know.

Respectfully,

**David Lachman | Assistant United States Attorney**
T: 213.894.5564 | david.lachman@usdoj.gov

**From:** Paul Bilzerian <pabilzeria@aol.com>
**Sent:** Wednesday, March 18, 2026 2:23 PM
**To:** Lachman, David (USACAC) <David.Lachman@usdoj.gov>
**Cc:** Pang, Jason (USACAC) <Jason.Pang@usdoj.gov>
**Subject:** [EXTERNAL] Re: United States v. Bilzerian, 2:24-CR-00569-MEMF

Dear Mr. Lachman,

Thank you for your email message.  As Mr. Pang knows, I submitted a visa application on January 19, 2025, to the US State Department Embassy in Barbados and then asked your office to assist me in obtaining approval of the application.

On October 29, 2025, I filed a Notice of Appearance and Demand for a Speedy Trial.  On November 11, 2025, I filed a Motion to Dismiss the Indictment for violation of my right to a speedy trial (at that time the trial was scheduled for January 12, 2026).  That motion is pending and the trial has been rescheduled to October 19, 2026. If my Motion to Dismiss is granted, then there will be no need for me to travel to the United States.  If my Motion to Dismiss is denied and affirmed on appeal, and the trial goes forward, then I will need permission to enter the United States. The easiest and most convenient way for me to enter the United States would be for the government to grant my application for a visa. If that does not happen, I have offered to arrange for the head of Security for St. Kitts to accompany me to Los Angeles, where I can be arraigned, released on my own recognizance, and fully participate in my trial where I intend to defend myself. Neither of these options will cost the government any money or inconvenience.

Although I will be 76 years old by the time of the scheduled trial, I am in good health, take no medication, and have no physical disabilities, and will not require court-appointed counsel, so I should not be a burden or cost to the United States.

2

We have seven months before trial to arrange for the visa or to schedule the Head of Security for St. Kitts to accompany me to Los Angeles, should my appearance be necessary in the event my Motion to Dismiss is denied and the government chooses to proceed to trial.  Once again, thank you for reaching out and I look forward to working with you to secure my access to the United States, should it be necessary.

Respectfully,

Paul Bilzerian

On Tuesday, March 17, 2026 at 07:29:58 PM GMT-4, Lachman, David (USACAC) <david.lachman@usdoj.gov> wrote:

Mr. Bilzerian,

We understand through your court filings and various other communications that you wish to be granted permission to enter the United States to appear as a defendant in the criminal case United States v. Bilzerian et al., 2:24-CR-00569-MEMF.  If that remains your intention, please notify us immediately so that we may facilitate your entry into the United States within the next few weeks.

Please do not hesitate to contact us should you have any questions.

Respectfully,

**David Lachman | Assistant United States Attorney**
**National Security Division**
United States Attorney's Office | Central District of California
312 North Spring Street | Los Angeles, California 90012
T: 213.894.5564 | david.lachman@usdoj.gov

3