# Exhibit 11

**From:** Adlai Smith <Adlai.Smith@gov.kn>
**Sent:** Friday, 24 April 2026 14:01:01
**To:** Douglas Mendes <safiyadm@gmail.com>; blanchetteburke.law@gmail.com <blanchetteburke.law@gmail.com>; derriann@charlesandassociateslaw.com <derriann@charlesandassociateslaw.com>
**Subject:** US response to Mr. Bilzerian question

Dear Douglas,

Kindly find attached.

Regards,

Adlai

Sent from Outlook for Android

**Entry into the United States**

If Mr. Bilzerian is willing to consent to extradition and return to the United States to face trial, he would be paroled into the United States at an initial point of entry (rather than admitted on a visa) and then flown to Los Angeles.[1]

**Arrival, Initial Appearance, and Arraignment**

When Mr. Bilzerian was indicted in the U.S. criminal case, the Court issued a warrant for his arrest. Upon being paroled into the United States, Mr. Bilzerian would be arrested pursuant to that warrant. Under Rule 5 of the Federal Rules of Criminal Procedure, Mr. Bilzerian would be brought without unnecessary delay before a magistrate judge in the district of his arrest for his initial appearance. If Mr. Bilzerian is unable to afford counsel, he would have the right to have an attorney appointed to represent him. At the initial appearance, the magistrate judge would inform Mr. Bilzerian of the charges, determine whether he should be released or detained, and set any conditions of release. If the magistrate judge orders Mr. Bilzerian released, he would be given a date on which to appear for his arraignment in the Central District of California.

**Detention or Release on Bond**

There are two paths by which bond and conditions of release can be handled:

1)      As the government communicated in March 2025, the government would be willing to discuss bond conditions in advance of Mr. Bilzerian's appearance before a U.S. magistrate judge if Mr. Bilzerian provides a complete and accurate financial disclosure under penalty of perjury using the standard USAO form we previously provided to his U.S. counsel. Those terms could include, for example, an agreed-upon bond amount and allowing Mr. Bilzerian to reside at a U.S. location of his choosing.  As Mr. Bilzerian will be paroled into the U.S. for the purposes of standing trial, the government cannot agree to bond conditions that permit Mr. Bilzerian to travel internationally, as Mr. Bilzerian would be unable to reenter the U.S. If such an agreement is reached, the agreement would be presented to the magistrate judge.

Even if an agreement is reached, whether Mr. Bilzerian is released, and on what conditions, ultimately would be the magistrate judge's decision. Any such ruling could be appealed to Judge Frimpong in the Central District of California and then to the Ninth Circuit Court of Appeals.

2)      If no agreement on bond conditions is reached before Mr. Bilzerian consents to extradition - for example in the case where Mr. Bilzerian refuses to fill out the financial

---

[1] In previous discussions of Mr. Bilzerian's voluntary surrender, New York was suggested as the initial point of entry into the United States because there are direct flights from St. Kitts to only a limited number of U.S. destinations, and we determined that entry through John F. Kennedy International Airport ("JFK") in the Eastern District of New York was most administratively feasible.

disclosure form - the government and Mr. Bilzerian would instead present competing recommendations on bail to the magistrate judge. Mr. Bilzerian could argue that he should be released on his own recognizance with permission to travel to St. Kitts, while the government could seek his detention pending trial. Whether Mr. Bilzerian is released, and on what conditions, ultimately would be the magistrate judge's decision. Any such ruling could also be appealed.