DAVID SCHOEN (admitted Pro Hac Vice)
SIMON SCHOEN (admitted Pro Hac Vice)
SCHOEN LAW FIRM, LLC
2800 Zelda Road Suite 100-6
Montgomery, AL 36106
Tel: (917) 941-7952
Email: schoenlawfirm@gmail.com
simon@schoenlawfirm.com

Attorneys for Defendant
SCOTT ROHLEDER

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>PAUL A. BILZERIAN, et. al,<br>(2) SCOTT ROHLEDER<br>(3) IGNITE INTERNATIONAL BRANDS, LTD.<br>Defendants. | Case No. 2:24-CR-00569-MCS<br>Hon. Mark C. Scarsi<br>**UNOPPOSED MOTION AND INCORPORATED MEMORANDUM FOR VIDEO TELECONFERENCE ARRAIGNMENT PURSUANT TO RULE 10 (C), FEDERAL RULES OF CRIMINAL PROCEDURE**<br>Arraignment Date: September 10, 2026<br>Trial date: TBD |

Defendant Scott Rohleder ("Rohleder"), by and through his counsel of record, David Schoen and Simon Schoen, hereby respectfully moves this Honorable Court to use teleconferencing for his arraignment on the Second Superseding Indictment ("SSI") in this case, pursuant to and consistent with Rule 10 (c) of the Federal Rules of Criminal Procedure. The undersigned conferred with Government counsel in advance of this filing and is authorized to represent to the Court that the Government does not oppose the requested relief. Additionally,

the Court approved the same orally at a Status Conference held on August 31, 2026.

As and for grounds for this Motion, Defendant sets forth the following:

1. The original indictment in this case was returned on September 26, 2024 (ECF No. 1).

2. An in-person arraignment was held for Mr. Rohleder on October 28, 2024, and at that time, Mr. Rohleder acknowledged that (1) his true name appeared on the charging document, (2) he was being arraigned under that same name, (3) he read the indictment and discussed it with his attorney, (4) he pled "not guilty" to all counts of the indictment (ECF No. 20). On that same date, Mr. Rohleder also was provided with his Advisement of Defendant's Statutory and Constitutional Rights and formally acknowledged receipt of the same by signing it (ECF No. 32).

3. Mr. Rohleder lives in North Carolina, has been released on bond in this case at all times since his first appearance (ECF No. 34), and has at all times fully complied with his conditions of release.

4. On September 30, 2025, the First Superseding Indictment ("FSI") was docketed in this case (ECF No. 123). On October 20, 2025, Mr. Rohleder filed an unopposed motion to be arraigned by video teleconference pursuant to F.R.Cr.P. 10 (c) (ECF No. 130). That motion was granted the same day (ECF No. 131). Mr. Rohleder was arraigned by video-teleconferencing on October 27, 2025, without incident (ECF No. 137). He filed his Advisement of Statutory and Constitutional rights that same day (ECF No. 139).

5. A Second Superseding Indictment was docketed on September 1, 2026, with docketing notices sent through the ECF system on September 4, 2026 (ECF No. 196). Government counsel previously sent a courtesy copy of it to counsel for Defendants Rohleder and Ignite.

6. The parties have agreed to a virtual arraignment again for Mr. Rohleder and the Court approved the same at the August 31, 2026, Status Conference held in this case. The parties have asked the Court to conduct the arraignment on September 10, 2026. Mr. Rohleder has read the SSI and has discussed it with his counsel, and he intends to enter a plea of "not guilty" as to all counts of the SSI.

7. It would be a significant financial hardship for Mr. Rohleder and the undersigned counsel to have to travel to the arraignment before this Court from, respectively, North Carolina, New York, and Georgia, and, in light of the arraignment already conducted on the original indictment and FSI, the nature of an arraignment, Mr. Rohleder's familiarity with the indictment and regular discussions concerning it with his counsel, his consent to, and indeed, request for using video teleconferencing for his arraignment, as expressly provided for under Rule 10 (c), and on the authority of Rule 10 (c), it is respectfully requested that the Court use video teleconferencing for his arraignment on the SSI, scheduled for September 10, 2026 or any other day on which it is scheduled.

**LEGAL AUTHORITY**

Rule 10 (c), of the Federal Rules of Criminal Procedure provides as follows:

> **"(c) Video Teleconferencing. Video teleconferencing may be used to arraign a defendant if the defendant consents."**

The rule is quite straightforward and has been so construed. Indeed, courts and commentators have explained the utility of video teleconferencing by contrasting Rule 10 (b), and its more stringent requirements in order to waive a defendant's presence altogether at an arraignment (requiring a formal written waiver by a defendant in advance and the Court's consent), with Rule 10 (c), which requires nothing more than the defendant's consent to video teleconferencing. *United States v. Howell*, 24 F. 4th 1138, 1145 (7th Cir. 2022);

*See also*, Wright & Miller, *Federal Practice and Procedure*, 1A Fed. Prac. & Proc. Crim. § 163 (5th ed.) (no written or in-person consent by the defendant is required to use video teleconferencing for an arraignment; rather, if the Court agrees to do it, the defendant's consent can be elicited during the video teleconferenced arraignment).[1]

While Rule 10 (c) does not require written or advance consent from the defendant in order for the Court to approve video teleconferencing for an arraignment, Mr. Rohleder makes clear below not just his consent, but his request to permit the arraignment to be conducted by video teleconferencing.

**Statement by Defendant Rohleder**

I, Scott Rohleder, a defendant in the above-captioned case, hereby consent to having the Court use video teleconferencing to conduct my arraignment on the Second Superseding Indictment, pursuant to Rule 10 (c) of the Federal Rules of Criminal Procedure and, indeed, I respectfully ask the Court to permit the same. It would be a significant expense for me to appear before this Court in person with

[1] This is in accord with the Committee Notes to the 2002 Amendments to Rule 10 (c), which added the current iterations of 10 (b) and 10 (c), with the latter expressly allowing video teleconferencing for arraignments, reflecting a marked change from the prior iterations of Rule 43 and Rule 10, which required the defendant's physical presence at arraignment, before the 2002 Amendments.

**(Committee Notes to 2002 Amendments to Rule 10 -** "Although the rule requires the defendant to waive a personal appearance for an arraignment, the rule does not require that the waiver for video teleconferencing be in writing. Nor does it require that the defendant waive that appearance in person, in open court. It would normally be sufficient for the defendant to waive an appearance while participating through a video teleconference.").

The **Committee Notes to the 2002 Amendments to Rule 10** further expressly provide that Rule 10 (c), was found to be appropriate to help a defendant avoid long and expensive travel: "The Committee was also persuaded to adopt the amendment because in some jurisdictions delays may occur in travel time from one location to another—in some cases requiring either the magistrate judge or the participants to travel long distances. In those instances, it is not unusual for a defense counsel to recognize the benefit of conducting a video teleconferenced proceeding, which will eliminate lengthy and sometimes expensive travel or permit the arraignment to be conducted much sooner."

counsel at the arraignment on September 10, 2026, or any other date the Court sets and it would require a significant amount of travel time.

I have received a copy of the Second Superseding Indictment in this case.

My attorney has advised me of, and I understand, the nature and substance of the charges, the maximum penalties applicable if I am convicted, and my constitutional rights.

I understand that I have a right to appear personally in open court for the arraignment before a judicial officer and with my attorney present in person for the arraignment.

I am also aware that I have the right to have the charges in the Second Superseding Indictment read to me word by word in person, with my counsel present and to enter a plea in person to the charges therein.

Instead, however, I consent to and respectfully request having the arraignment on the Second Superseding Indictment proceed by video teleconferencing and I expressly advise the Court of my informed intention to enter a plea of "Not Guilty" during the arraignment.

September 4, 2026

Scott Rohleder

## CONCLUSION

Based on all of the foregoing, and consistent with Rule 10 (c) of the Federal Rules of Criminal Procedure, Mr. Rohleder respectfully requests that the arraignment on the First Superseding Indictment be conducted by video teleconferencing. Mr. Rohleder again notes that the Government does not oppose this request and this Court already orally approved it on August 31, 2026.

DATED: September 5, 2026

Respectfully submitted,

/s/
DAVID I. SCHOEN
SIMON J. SCHOEN
SCHOEN LAW FIRM, LLC

Attorneys for Defendant
SCOTT ROHLEDER